1   Eric C. Rassbach (CA SBN 288041)
    erassbach@becketlaw.org
2   Daniel L. Chen (CA SBN 312576)
    Laura Wolk Slavis (DC Bar No. 1643193)
3   Brandon L. Winchel* (CA SBN 344719)
    The Becket Fund for Religious Liberty
4   1919 Pennsylvania Ave., Suite 400
    Washington, DC 20006
5   202-955-0095 tel. / 202-955-0090 fax
6
7   *Attorneys for Plaintiffs*

8                  **UNITED STATES DISTRICT COURT**
                   **CENTRAL DISTRICT OF CALIFORNIA**

9   CHAYA LOFFMAN and JONATHAN          Case No.:
10  LOFFMAN, on their own behalf and on behalf   2:23-cv-01832-JLS-MRW
    of their minor child M.L.; FEDORA NICK
11  and MORRIS TAXON, on their own behalf
    and on behalf of their minor child K.T.;     **PLAINTIFFS' OPPOSITION TO**
12  SARAH PERETS and ARIEL PERETS, on            **DEFENDANTS' EX PARTE**
    their own behalf and on behalf of their minor  **APPLICATION FOR**
13  child N.P.; JEAN & JERRY FRIEDMAN            **EXTENSION OF TIME**
    SHALHEVET HIGH SCHOOL; and
14  SAMUEL A. FRYER YAVNEH HEBREW
    ACADEMY,                                     Complaint Filed: Mar. 3, 2023
15                                               Complaint Served: Apr. 12, 2023
16          Plaintiffs,                          Current Response Date: May 3, 2023
                                                 New Requested Date: May 23, 2023
17  v.
                                                 Judge: Hon. Josephine L. Staton
18  CALIFORNIA DEPARTMENT OF
    EDUCATION; TONY THURMOND, in his
19  official capacity as Superintendent of Public
    Instruction; LOS ANGELES UNIFIED
20  SCHOOL DISTRICT; and ANTHONY
    AGUILAR, in his official capacity as Chief of
21  Special Education, Equity, and Access,
22          Defendants.
23

* Not a member of the D.C. Bar; admitted in
California. Practice limited to cases in federal court.

1    Plaintiffs respectfully oppose Defendants Los Angeles Unified School District

2  (LAUSD) and Anthony Aguilar's *ex parte* request for a twenty-day extension to

3  respond to Plaintiffs' complaint. Dkt. 20. There are at least three reasons to deny

4  LAUSD's request.

5    *First*, unlike Defendants California Department of Education and Tony

6  Thurmond, and seemingly in contradiction to their own policies, LAUSD and

7  Aguilar refused to waive service, requiring Plaintiffs to serve LAUSD and Aguilar

8  with process. Dkt. 14, 15; Chen Decl. ¶¶ 3-6, 17. Defendants' counsel indicates that

9  Plaintiffs would have had no trouble if they had conducted a simple internet search

10  and reviewed LAUSD's Policy Bulletin BUL-3489.0 that had been published in

11  2007. Dkt. 20-2, Kellogg Decl. ¶¶ 4-6. Plaintiffs' counsel in fact reviewed this

12  bulletin, as well as a separate legal service page on LAUSD's website. Chen Decl.

13  ¶ 8. Both documents do not discuss waiver and are unclear about service on "the

14  District's Executive Staff Members." Chen Decl. ¶¶ 8-9 & Ex. 2. To obtain

15  information about waiver and seek clarification about service, Plaintiffs' counsel

16  decided to contact LAUSD by phone. Chen Decl. ¶ 9.

17    On April 3, 2023, Plaintiffs' counsel conducted five phone calls to LAUSD to

18  ascertain whether LAUSD would waive or accept service for LAUSD and Aguilar.

19  Chen Decl. ¶¶ 10-16. Plaintiffs' counsel was separately informed by an LAUSD

20  counsel named Patrick Balucan, the Office of General Counsel, and the Board

21  Secretariat that the Office of General Counsel for LAUSD would not waive service

22  for LAUSD or Aguilar. *See* Chen Decl. ¶¶ 11, 15; *but see* Kellogg Decl. ¶ 6 (stating

23  that requests for waiver are "commonly" directed to the Office of General Counsel).

The Board Secretariat also informed counsel that it would not accept personal

1    service for Aguilar. Chen Decl. ¶ 15; *but see* Kellogg Decl. ¶ 5 (describing it as a

2    "common business practice" to direct process servers to the Board Secretariat to

3    effectuate personal service). None of the many LAUSD staff members counsel spoke

4    to mentioned LAUSD's policy bulletin. Chen Decl. ¶ 16.

5         These interactions were in marked contrast to the conduct of the California

6    Department of Education and Thurmond. On April 3, the same day as he reached

7    out to LAUSD, Plaintiffs' counsel also contacted the California Department of

8    Education. Within 24 hours, counsel of record responded, agreed to waive service,

9    and returned the relevant documents. Chen Decl. at ¶¶ 3-6.

10        *Second*, under this Court's procedures, Defendants are required to "demonstrate

11   that the need for ex parte relief is not due to the lack of the party's diligence."

12   *See*     Hon.     Josephine     L.     Staton:     Judge's     Procedures,

13   https://www.cacd.uscourts.gov/honorable-josephine-l-staton. LAUSD and Aguilar

14   cannot meet this burden, as they have known since April 12, 2023, the date that

15   LAUSD was served, that LAUSD was required to respond by May 3. Dkt. 17;

16   Kellogg Decl. ¶ 7. This duty remained, irrespective of LAUSD's desire to explore

17   representation by outside counsel. Kellogg Decl. ¶ 9. And though Defendants imply

18   that the delay could not be avoided because Aguilar was only served on April 29,

19   Kellogg Decl. ¶ 10, they fail to note that this delay was caused by Aguilar's own

20   avoidance of service. *See infra.* And moreover, the date of service matters little here,

21   where Aguilar is sued in his official capacity and is being represented by the same

22   counsel as LAUSD. The date of Aguilar's service therefore does nothing to excuse

23   LAUSD's lack of diligence.

*In sum*, Defendants cannot meet their burden demonstrating the need for this extraordinary relief because the need is entirely self-created: had LAUSD simply agreed to waive service or accept it on Aguilar's behalf, or had Aguilar not studiously avoided service for eighteen days across eight separate attempts at service, the request would be completely unnecessary. Aguilar implausibly contends he is not aware of any attempts to serve him other than when service was effectuated on April 29. Dkt. 20-3, Aguilar Decl. ¶ 4. But Plaintiffs' attempts at serving Aguilar included the following:

- **April 11, 2023:** process servers attempted service at Aguilar's work address, where the receptionist indicated that personal service of LAUSD employees is not permitted. *See* Chen Decl., Ex. 3.

- **April 18, 2023:** after conducting a home address investigation, process servers attempted service on Aguilar at his home address in Northridge, California. Process servers' notes indicate that "an individual who identified themselves as the resident" stated that she did not know Mr. Aguilar. *See* Chen Decl. ¶ 22; *id.*, Ex. 4.

- **April 19, 2023**: Plaintiffs switched process servers and, per their advice, Plaintiffs' counsel conducted extensive additional research on Aguilar's personal details. This additional research confirmed Aguilar's home address in Northridge, California. Chen Decl. ¶ 23.

- **April 21 (3:00 PM), 22 (10:40 AM), 23 (5:00 PM), 24 (7:01 AM), and 25 (10:57 AM):** process servers unsuccessfully attempted service at Aguilar's home address in Northridge. On the first four attempts, no one came to the door. On the last attempt, an individual came to the door but would not open it. *See* Chen Decl. ¶¶ 25-29; *id.*, Ex. 5.

- **April 29, 2023:** process servers finally successfully served Aguilar at the same home address at which the previous six attempts were made. Dkt. 19.

*Third*, LAUSD counsel (including both LAUSD in-house counsel and outside counsel) also could have avoided filing this *ex parte* request had they worked

cooperatively with Plaintiffs' counsel by complying with Local Rule 7-3's seven-day meet and confer requirement, at which point the parties could have stipulated to an extension of time in return for waiving service for Aguilar. Instead, because of Defendants' actions and because Defendants' counsel only reached out on May 1—nineteen days after LAUSD had been served with the lawsuit but two days before a response was due—Plaintiffs were forced to expend considerable time and resources in their attempts to perfect service on Aguilar. Indeed, Defendants did not even pursue the normal course for seeking an extension under Rule 6 of the Federal Rules of Civil Procedure, but instead resorted to the extraordinary remedy of an *ex parte* motion to seek relief, requiring briefing before this Court.

Defendants claim that "good cause exists" for their *ex parte* motion because "the complaint presents complex issues requiring thoughtful research and attention" and the "joint representation of LAUSD and Mr. Aguilar supports a single response with the same deadline." Dkt. 20 at 2-3. But as explained above, no good cause exists because the necessity of *ex parte* relief is due entirely to Defendants' own conduct and lack of diligence.

Defendants' counsel had every opportunity to work constructively with Plaintiffs' counsel to waive service and stipulate to an extension of time before an *ex parte* request was necessary. Only after Aguilar was served did Defendants' counsel identify themselves and contact Plaintiffs' counsel requesting an extension. Plaintiffs should not now be prejudiced by Defendants' strategic and self-imposed request for more time.

Plaintiffs do not oppose a 5-day extension of time, to May 8, so that LAUSD and Aguilar can file an answer or motion to dismiss in response to the complaint. But

1   Defendants should not be allowed to in effect grant themselves a significant

2   extension of time based on their unwillingness to waive or accept service in an

3   official-capacity suit.

4

        Dated: May 4, 2023                    Respectfully submitted,

5
                                               /s/ *Eric C. Rassbach*
6                                             Eric C. Rassbach (CA SBN 288041)
                                              erassbach@becketlaw.org
7                                             Daniel L. Chen (CA SBN 312576)
                                              Laura Wolk Slavis (DC Bar No. 1643193)
8                                             Brandon L. Winchel* (CA SBN 344719)
                                              The Becket Fund for Religious Liberty
9                                             1919 Pennsylvania Ave., Suite 400
                                              Washington, DC 20006
10                                            202-955-0095 tel. / 202-955-0090 fax

11
                                              * Not a member of the D.C. Bar; admitted in
12                                            California. Practice limited to cases in federal
                                              court.
13
                                              *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1197 words, which complies with the word limit of L.R. 11-6.1, and contains five pages of briefing, which complies with this Court's 25-page limit for memoranda of points and authorities.


Dated: May 4, 2023                    /s/ *Eric C. Rassbach*
                                              Eric C. Rassbach

---