SUE ANN SALMON EVANS, State Bar No. 151562
sevans@DWKesq.com
WILLIAM G. ASH, State Bar No. 324122
wash@DWKesq.com
Dannis Woliver Kelley
444 W. Ocean Blvd., Suite 1070
Long Beach, CA 90802
Telephone: 562.366.8500
Facsimile: 562.366.8505

Attorneys for Defendants
Los Angeles Unified School District and Anthony
Aguilar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CHAYA LOFFMAN and JONATHAN LOFFMAN, on their own behalf and on behalf of their minor child M.L.; FEDORA NICK and MORRIS TAXON, on their own behalf and on behalf of their minor child K.T.; SARAH PERETS and ARIEL PERETS, on their own behalf and on behalf of their minor child N.P.; JEAN & JERRY FRIEDMAN SHALHEVET HIGH SCHOOL; and SAMUEL A. FRYER YAVNEH HEBREW ACADEMY,

                Plaintiffs,

      v.

CALIFORNIA DEPARTMENT OF EDUCATION; TONY THURMOND, in his official capacity as Superintendent of Public Instruction; LOS ANGELES UNIFIED SCHOOL DISTRICT; and ANTHONY AGUILAR, in his official capacity as Chief of Special Education, Equity, and Access,

                Defendants.

Case No. 2:23-cv-01832-JLS-MRW

**OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Judge :      Hon. Josephine L. Staton
Hearing Date: July 21, 2023
Time:       10:30 a.m.
Courtroom:   8A

**Judge:**    **Hon. Josephine L. Staton**

**Complaint Filed: March 13, 2023**

**Trial Date: None**

Dannis Woliver Kelley
444 W. Ocean Blvd., Suite 1070
Long Beach, CA 90802

1

DWK 4022227v1

Los Angeles Unified School District ("District") objects to the evidence submitted by Plaintiffs in support of its Motion for Preliminary Injunction as follows:

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| 1. | **Exhibit 1, Declaration of Chaya Loffman ("Loffman Decl."), paragraph 16:** "But a provision of the California Education Code excludes any funds from being used to reimburse any religious school for the cost of providing a student with a FAPE. Because of that law, we would be responsible for all of M.L.'s services if we chose to send him to an Orthodox Jewish school." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)  FRE 602; Lacks Foundation (no foundation as to the provision of the California Education Code which operates as described.) | Sustained: __ Overruled: __ |
| 2. | **Exhibit 1, Loffman Decl., paragraph 20:** "However, because of California's restriction, we have no ability to advocate that M.L. should be receiving a FAPE including an individualized education plan and special-education and related services, at no cost to us." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)  FRE 602; Lacks Foundation (no foundation as to | Sustained: __ Overruled: __ |

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

OBJECTIONS TO EVIDENCE

DWK 4022227v1

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | | California restriction which prohibits Loffman from advocating for their child.) | |
| 3. | **Exhibit 1, Loffman Decl, paragraph 20:** "We feel that it is discriminatory for California to deprive us of that opportunity simply because we are religious." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to discrimination from California based on religion.) | Sustained: __<br>Overruled: __ |
| 4. | **Exhibit 2, Declaration of Sarah Perets ("Perets Decl."), Paragraph 11:** "However, due to California's discriminatory restriction, which prevents special-education funding from being used to provide a free and appropriate public education (FAPE) in a private religious | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to | Sustained: __<br>Overruled: __ |

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

OBJECTIONS TO EVIDENCE

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | school, we were unable to follow these beliefs when it came to our son, N.P." | discriminatory restriction which prevents funding in the manner described.) | |
| 5. | **Exhibit 2, Perets Decl., Paragraph 15:** "There was no way for us to access a critical California funding program, which could reimburse a private school the cost of N.P.'s special-education and related services at no cost to us." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to reason Perets could not access California funding program.) | Sustained: __<br>Overruled: __ |
| 6. | **Exhibit 2, Perets Decl., Paragraph 16:** "That's because California law categorically excludes private religious schools from the reimbursement program. As a result, we lacked—and continue to lack—any ability to petition for N.P. to be placed at a private Orthodox Jewish school." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to California law which | Sustained: __<br>Overruled: __ |

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

DWK 4022227v1

OBJECTIONS TO EVIDENCE

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|-----|----------------------|--------------------------|----------------|
|     |                      | categorically excludes private religious schools.) |                |
| 7.  | **Exhibit 2, Perets Decl., Paragraph 17:** "Thus, for N.P. to receive an education that nourished both his development and his faith, we would be responsible for funding all of his special-education services ourselves." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)  FRE 602; Lacks Foundation (no foundation as to why N.P. may not receive funding for his special-education services.) | Sustained: __ Overruled: __ |
| 8.  | **Exhibit 2, Perets Decl., Paragraph 21:** "These services are currently provided through LAUSD as a means of enabling N.P. to receive a FAPE. But we do not believe he is actually receiving a FAPE in public school, and we would like to petition for placement in an Orthodox Jewish school." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)  FRE 602; Lacks Foundation (no foundation as to why N.P. is not receiving FAPE based on | Sustained: __ Overruled: __ |

DWK 4022227v1

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
|  |  | placement at public school.) |  |
| 9. | **Exhibit 2, Perets Decl., Paragraph 22:** "For one thing, N.P.'s therapeutic and academic progress is severely impacted by the fact that he does not receive services both when his public school is not in session *and* when he does not attend school during Orthodox Jewish holidays. N.P. would not experience this augmented service disruption in an Orthodox Jewish school." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception) FRE 602; Lacks Foundation (no foundation as to why N.P. would not receive augmented service disruption in an Orthodox Jewish School.) | Sustained: __ Overruled: __ |
| 10. | **Exhibit 2, Perets Decl., Paragraph 24:** "On one occasion, I learned that N.P. had been given pizza, which is rarely Kosher, to eat at school. When I spoke to the teacher to remind her again of our religious beliefs surrounding food, she told me I had nothing to worry about because the pizza was vegetarian." | FRE 802; Hearsay | Sustained: __ Overruled: __ |

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

OBJECTIONS TO EVIDENCE

DWK 4022227v1

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| 11. | **Exhibit 2, Perets Decl., Paragraph 27:** "After he returned, his principal chastised me for allowing N.P. to miss so much school. I explained to her that our religious beliefs, which hold that driving and other forms of work are inappropriate during Sukkot, required us to keep N.P. home. She explained to me that she had googled Sukkot and spoken to other Jewish people, who said my interpretation of Sukkot was wrong and N.P. could have attended school for at least part of the holiday." | FRE 802; Hearsay | Sustained: __ <br> Overruled: __ |
| 12. | **Exhibit 2, Perets Decl., Paragraph 29:** "These are not the only problems N.P. has experienced. On two occasions, he was sent home from school early due to staffing issues. When I complained, school officials told me that I could solve the problem by serving as N.P.'s aide | FRE 802; Hearsay | Sustained: __ <br> Overruled: __ |

OBJECTIONS TO EVIDENCE

DWK 4022227v1

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | throughout each school day myself." | | |
| 13. | **Exhibit 2, Perets Decl., Paragraph 30:** "Because of these issues, my husband and I would like to petition to have N.P. placed in an Orthodox Jewish school to receive the free and appropriate public education guaranteed him by the Individuals with Disabilities Education Act and California law. However, because of California's discriminatory exclusion of all religious schools from eligibility for such placement, we are unable to do so." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)  FRE 602; Lacks Foundation (no foundation as to California law prohibiting Perets from petitioning for their child's placement.) | Sustained: __ Overruled: __ |
| 14. | **Exhibit 2, Perets Decl., Paragraph 32:** "This law prevents us from doing for N.P. what we have done for our other five children—providing them with an education that allows both their faith and intellect to flourish. Without this law, we would be able to advocate that | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)  FRE 602; Lacks Foundation (no foundation as to | Sustained: __ Overruled: __ |

8

OBJECTIONS TO EVIDENCE

DWK 4022227v1

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | N.P. be placed in the best educational environment for his unique circumstances." | California law which prevents children from faith and intellect to flourish.) | |
| 15. | **Exhibit 3, Declaration of Fedora Nick ("Nick Decl."), Paragraph 11:** "However, due to California's discriminatory restriction, which prevents special-education funding from being used to provide a free and appropriate public education (FAPE) in a private religious school, we could not follow these beliefs when it came to our youngest son, K.T." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to California's discriminatory restriction which prevents special education funding as described.) | Sustained: __<br>Overruled: __ |
| 16. | **Exhibit 3, Nick Decl., Paragraph 15:** "However, there was no way for us to access a critical California funding program, which could reimburse a private school the cost of K.T.'s special- | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks | Sustained: __<br>Overruled: __ |

9

OBJECTIONS TO EVIDENCE

DWK 4022227v1

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | education and related services at no cost to us." | Foundation (no foundation as to how California funding program limits access to K.T.) | |
| 17. | **Exhibit 3, Nick Decl., Paragraph 16:** "That's because California law categorically excludes private religious schools from the reimbursement program. As a result, we lacked—and continue to lack—any ability to petition for K.T. to be placed at a private Orthodox Jewish school." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to California law which categorically excludes private religious schools.) | Sustained: __<br>Overruled: __ |
| 18. | **Exhibit 3, Nick Decl., Paragraph 17:** "If we enrolled K.T. in an educational setting that nourished both his development and his faith, we would be responsible for funding all of his services ourselves." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no | Sustained: __<br>Overruled: __ |

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

DWK 4022227v1

OBJECTIONS TO EVIDENCE

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | | foundation as to why K.T. is not nourished in development and faith at public schools.) | |
| 19. | **Exhibit 3, Nick Decl., Paragraph 21:** "These services are currently provided through LAUSD as a means of enabling K.T. to receive a FAPE. But we do not believe he is actually receiving a FAPE in public school." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to why K.T. is not receiving FAPE.) | Sustained: __<br>Overruled: __ |
| 20. | **Exhibit 3, Nick Decl., Paragraph 24:** "In addition, we fear that K.T. will face increased bullying due to his disability at a large, chaotic public high school. We think it is paramount that we begin the process of seeking placement elsewhere as soon as possible, before he is forced to endure the even more challenging environment of high school." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to any bullying received by K.T. to date, basis for future bullying.) | Sustained: __<br>Overruled: __ |

DANNIS WOLLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

OBJECTIONS TO EVIDENCE

DWK 4022227v1

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | | FRE 401, 402; Relevance | |
| 21. | **Exhibit 3, Nick Decl., Paragraph 25:** "Because of these issues, my husband and I would like to petition to have K.T. placed in an Orthodox Jewish school to receive the free and appropriate public education guaranteed him by the Individuals with Disabilities Education Act and California law. However, because of California's discriminatory exclusion of all religious schools from eligibility for such placement, we are unable to do so." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as California law which limits ability to petition for K.T. to be placed at particular school.) | Sustained: __<br>Overruled: __ |
| 22. | **Exhibit 3, Nick Decl., Paragraph 29:** "Instead, we wish we lived in a world that did not contain laws like California's, which discriminate against religious families and their children with disabilities." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no | Sustained: __<br>Overruled: __ |

OBJECTIONS TO EVIDENCE

DWK 4022227v1

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | | foundation as to California law which discriminates against religious families.)<br><br>FRE 401, 402; Relevance | |
| 23. | **Exhibit 3, Nick Decl., Paragraph 29:** "This law prevents us from doing for K.T. what we have done for our other two children—providing them with an education that allows both their faith and intellect to flourish. Without this law, we would be able to advocate that K.T. be placed in the best educational environment for his unique circumstances." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to law which prohibits K.T. from having an education which allows them their faith and to flourish intellectually.) | Sustained: __<br>Overruled: __ |
| 24. | **Exhibit 4, Declaration of Rabbi David Block ("Rabbi Block Decl."), Paragraph 13**: "Unfortunately, however, California will only certify | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception) | Sustained: __<br>Overruled: __ |

DANNIS WOLIVER KELLEY<br>444 W. OCEAN BLVD., SUITE 1070<br>LONG BEACH, CA 90802

13

OBJECTIONS TO EVIDENCE

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | schools if they are "nonsectarian," meaning, in part, that the applicant must state that the school is not "formally affiliated with a religious group or sect." Cal. Code Regs. tit. 5, § 3001(p). Shalhevet obviously runs afoul of this requirement because of its affiliation with the Orthodox Jewish faith." | FRE 602; Lacks Foundation (no foundation as to California school certification process and requirements.) | |
| 25. | **Exhibit 4, Rabbi Block Decl., Paragraph 14:** "Thus, though Shalhevet seeks the opportunity to qualify to provide a distinctively Orthodox Jewish education to children with disabilities, California's nonsectarian requirement puts us to an impossible choice: we can either be a religious school or seek certification as an NPS—we cannot do both." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to nonsectarian requirement and its impact on the school in question.) | Sustained: __ <br> Overruled: __ |
| 26. | **Exhibit 4, Rabbi Block Decl., Paragraph 15:** " Even beginning | FRE 701, 702; Improper Lay Opinion | Sustained: __ <br> Overruled: __ |

Dannis Woliver Kelley<br>444 W. Ocean Blvd., Suite 1070<br>Long Beach, CA 90802

OBJECTIONS TO EVIDENCE

DWK 4022227v1

DANNIS WOLLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | the certification process would require me to violate Shalhevet's sincerely held religious beliefs, since to do so would require me to disavow its religious character as a Jewish educational institution." | (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to why school must disavow its religious character.) | |
| 27. | **Exhibit 4, Rabbi Block Decl., Paragraph 16:** "I could not possibly violate those beliefs, and so we are unable to even explore NPS certification." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to why school must disavow its religious character.) | Sustained: __<br>Overruled: __ |
| 28. | **Exhibit 4, Rabbi Block Decl., Paragraph 17:** "California's law asks Shalhevet to choose between its religious beliefs and the ability to receive needed funding to serve students with disabilities. | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception) | Sustained: __<br>Overruled: __ |

OBJECTIONS TO EVIDENCE

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA  90802

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | This choice is particularly perplexing, since it is our religious beliefs that motivate us to explore how we can better serve those with disabilities." | FRE 602; Lacks Foundation (no foundation California law requires school to make choice described.) | |
| 29. | **Exhibit 5, Declaration of Rabbi Shlomo Einhorn ("Rabbi Einhon Decl."), Paragraph 12:** "Unfortunately, however, California will only certify schools if they are nonsectarian," meaning, in part, that the applicant must state that the school is not "formally affiliated with a religious group or sect." Cal. Code Regs. tit. 5, § 3001 (p ). Yavneh obviously runs afoul of this requirement because of its affiliation with the Orthodox Jewish faith." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to California's certification process for private schools.) | Sustained: __<br>Overruled: __ |
| 30. | **Exhibit 5, Rabbi Einhon Decl., Paragraph 13:** "Thus, though Yavneh seeks the opportunity to qualify to provide a distinctively Orthodox Jewish education to | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception) | Sustained: __<br>Overruled: __ |

16

OBJECTIONS TO EVIDENCE

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | children with disabilities, California's nonsectarian requirement puts us to an impossible choice: we can either be a religious school or seek certification as an NPS-we cannot do both." | FRE 602; Lacks Foundation (no foundation as to why school must disavow its religious character.) | |
| 31. | **Exhibit 5, Rabbi Einhon Decl., Paragraph 14:** "Even beginning the certification process would require me to violate Yavneh's sincerely held religious beliefs, since to do so would require me to disavow its religious character as a Jewish educational institution." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to why school must disavow its religious character.) | Sustained: __<br>Overruled: __ |
| 32. | **Exhibit 5, Rabbi Einhon Decl., Paragraph 15:** "I could not possibly violate those beliefs, and so we are unable to even explore NPS certification." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to why | Sustained: __<br>Overruled: __ |

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

OBJECTIONS TO EVIDENCE

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | | beginning certification process would violate beliefs.) | |
| 33. | **Exhibit 5, Rabbi Einhon Decl., Paragraph 16:** California's law asks Yavneh to choose between its religious beliefs and the ability to receive needed funding to serve students with disabilities. This choice is particularly perplexing, since it is our religious beliefs that motivate us to seek how we can better serve those with disabilities." | FRE 701, 702; Improper Lay Opinion (declarant discusses topics outside witness's perception)<br><br>FRE 602; Lacks Foundation (no foundation as to why school must disavow its religious character.) | Sustained: __<br>Overruled: __ |
| 34. | **Exhibit 6, Declaration of Ronald A. Nagel, M.D. ("Dr. Nagel Decl."), Paragraph 5:** "Many of the Orthodox Jewish children with disabilities that I treat receive their education through public schools. Based on my experience, I believe that requiring Orthodox Jewish children with disabilities to remain in public school— where they cannot receive an education | FRE 701, 702; Improper Lay Opinion (no expertise claimed as to education.)<br><br>FRE 602; Lacks Foundation (no foundation as to how attending an Orthodox Jewish school allows students to reach full potential, undermines | Sustained: __<br>Overruled: __ |

DANNIS WOLIVER KELLEY<br>444 W. OCEAN BLVD., SUITE 1070<br>LONG BEACH, CA 90802

OBJECTIONS TO EVIDENCE

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | tailored to their religious beliefs—prevents many children from reaching their full potential and undermines their overall health." | their health.) | |
| 35. | **Exhibit 6, Dr. Nagel Decl., Paragraph 6:** "So much of a child's education is dependent on having self-confidence, pride, and dignity. Those values are facilitated when a child with a disability is integrated into both her community and her family unit by attending the same school as her friends and siblings. When an Orthodox Jewish child with disabilities has no option but to attend a public school in order to receive special-education services, the integration into the family and community is broken, causing feelings of isolation and low self-esteem in the child. Additionally, the child's understanding and participation in Jewish rituals and religious | FRE 701, 702; Improper Lay Opinion (no expertise claimed as to education.)<br><br>FRE 602; Lacks Foundation (no foundation as to how child's education is impacted by self-confidence, pride, and dignity; impact on education where Orthodox Jewish student placed in public school.) | Sustained: __<br>Overruled: __ |

DANNIS WOLIVER KELLEY<br>444 W. OCEAN BLVD., SUITE 1070<br>LONG BEACH, CA  90802

OBJECTIONS TO EVIDENCE

DWK 4022227v1

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | practices, which are not taught in a public school, also suffer. In one instance, to help ameliorate feelings of isolation and create a sense of integration, a Jewish child who had no choice but to attend public school insisted on wearing the uniform of the Yeshiva his siblings attended." | | |
| 36. | **Exhibit 6, Dr. Nagel Decl., Paragraph 7:** "Of course, services like speech therapy, occupational therapy, and physical therapy are provided in public schools, but they are not integrated within Jewish customs and beliefs. So when a child can only receive the special-education services she needs through a public school, that makes it far more difficult for that child to be able to integrate with her family and practice the Jewish religious beliefs that are essential to her self-identity." | FRE 701, 702; Improper Lay Opinion (no expertise claimed as to education.) FRE 602; Lacks Foundation (no foundation as to services offered at public schools; impact of attendance at public school on child's self-identity.) | Sustained: __ Overruled: __ |

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

OBJECTIONS TO EVIDENCE

DWK 4022227v1

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| 37. | **Exhibit 6, Dr. Nagel Decl., Paragraph 8:** "Also, when Orthodox Jewish children are compelled to attend public school, the special education they receive is oftentimes sub-par in the sense that they must miss a lot of school for religious holidays like Rosh Hashanah, Passover, and Sukkot that are not observed in public schools." | FRE 701, 702; Improper Lay Opinion (no expertise claimed as to education.) <br><br> FRE 602; Lacks Foundation (no foundation as to quality of education received by Orthodox Jewish children at public schools.) | Sustained: __ <br> Overruled: __ |
| 38. | **Exhibit 6, Dr. Nagel Decl., Paragraph 11:** "Based on my experience in treating Orthodox Jewish children with disabilities, in my opinion it is in the best interests of Orthodox Jewish families to be free to decide for themselves whether to send their children to Orthodox Jewish religious schools or public schools. Compelling these children to attend public schools instead of religious schools can lead to negative psychological | FRE 701, 702; Improper Lay Opinion (no expertise claimed as to education.) <br><br> FRE 602; Lacks Foundation (no foundation as Orthodox Jewish families being unable to choose schools for their children; impact on students when parents are unable to | Sustained: __ <br> Overruled: __ |

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA 90802

OBJECTIONS TO EVIDENCE

DWK 4022227v1

| No. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| | outcomes. In my experience, outcomes for these children with disabilities are better when their parents are allowed to choose what mode of education best fits their needs." | choose education options.) | |

DATED: July 18, 2023

DANNIS WOLIVER KELLEY
SUE ANN SALMON EVANS
WILLIAM G. ASH


By:  /s/ Sue Ann Salmon Evans
SUE ANN SALMON EVANS
Attorneys for Defendants
Los Angeles Unified School District
and Anthony Aguilar

DANNIS WOLIVER KELLEY
444 W. OCEAN BLVD., SUITE 1070
LONG BEACH, CA  90802

OBJECTIONS TO EVIDENCE

DWK 4022227v1