# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYA LOFFMAN and JONATHAN LOFFMAN, on their own behalf and on behalf of their minor child M.L.; FEDORA NICK and MORRIS TAXON, on their own behalf and on behalf of their minor child K.T.; SARAH PERETS and ARIEL PERETS, on their own behalf and on behalf of their minor child N.P.; JEAN & JERRY FRIEDMAN SHALHEVET HIGH SCHOOL; and SAMUEL A. FRYER YAVNEH HEBREW ACADEMY,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION; TONY THURMOND, in his official capacity as Superintendent of Public Instruction; LOS ANGELES UNIFIED SCHOOL DISTRICT; and ANTHONY AGUILAR, in his official capacity as Chief of Special Education, Equity, and Access,<br><br>    Defendants. | Case No.:<br>2:23-cv-01832-CV(MBKx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Courtroom: 5D<br>Judge: Hon. Cynthia Valenzuela |

The Parties have agreed to enter into this Consent Judgment and Permanent Injunction ("Consent Judgment") providing for judgment in Plaintiffs' favor and a permanent injunction, as follows, in order to resolve all claims raised by Plaintiffs against Defendants in this case.

Plaintiffs Chaya Loffman and Jonathan Loffman, on their own behalf and on behalf of their minor child M.L.; Fedora Nick and Morris Taxon, on their own behalf and on behalf of their minor child K.T.; Sarah Perets and Ariel Perets, on their own behalf and on behalf of their minor child N.P.; Jean & Jerry Friedman Shalhevet High School; and Samuel A. Fryer Yavneh Hebrew Academy filed this lawsuit in 2023, alleging various constitutional violations. Plaintiffs moved for a preliminary injunction on some of those claims. Defendants moved to dismiss under Rule 12. This Court denied Plaintiffs' motion for a preliminary injunction and granted Defendants' motions to dismiss in an unreported opinion. 2023 WL 11963955 (C.D. Cal. Aug. 9, 2023). The Ninth Circuit affirmed the district court's dismissal of the School Plaintiffs' claims and the Loffmans' claims for lack of standing. 119 F.4th 1147 (9th Cir. 2024). But it reversed the dismissal of the remaining Plaintiffs' free exercise claims and equal protection claims and vacated the district court's denial of Plaintiffs' motion for a preliminary injunction. *Id.* It then remanded this case back to the district court. The history of this litigation and the events leading up to it are recounted at length in the Ninth Circuit's decision.

Subject to the Court's approval of this Consent Judgment, Plaintiffs and Defendants, desiring that this action be settled by appropriate consent judgment and without the burden of protracted litigation, agree to the jurisdiction of this Court over the Parties and the subject matter of this action. Subject to the Court's approval of this Consent Judgment, the Parties waive a hearing and findings of fact and conclusions of law on all issues, including those unaddressed by the Ninth Circuit's decision.

The Parties further agree that this Consent Judgment resolves all issues raised in the Complaint, and is final and binding on Plaintiffs, Defendants, and their

respective officials, agents, employees, and successors, and all persons acting on their behalf or in active concert and in participation with them.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

### Ninth Circuit Decision and Injunctive Relief

In light of the decision of the Ninth Circuit, Plaintiffs have demonstrated success on the merits of Count I of their Complaint. Plaintiffs have also established irreparable harm in relation to that claim and shown that injunctive relief is in the public interest and supported by the equities. *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Ed.*, 82 F.4th 664 (9th Cir. 2023) (en banc).

### Resolution of the Litigation

A. Defendants agree that they shall not appeal from any ruling that adopts this Consent Judgment, which, along with the Settlement Agreement, represents the full scope of the agreement between the Parties. Defendants further agree that the relief granted herein is fair and equitable, and that they will support the terms of this Consent Judgment if it is challenged in court. However, they reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein. Defendants request that this Court enter the Consent Judgment without modification.

B. Plaintiffs agree that they shall not appeal from any ruling that adopts this Consent Judgment, which, along with the Settlement Agreement, represents the full scope of the agreement between the Parties. Plaintiffs further agree that the relief granted herein is fair and equitable, and that they will defend the terms of this Consent Judgment if it is challenged in court. However, they reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein. Plaintiffs request that this Court enter the Consent Judgment without modification.

C. The Parties agree that this Consent Judgment should be entered in Plaintiffs' favor on Count I and that Plaintiffs are prevailing parties in this litigation. Plaintiffs agree that if this Consent Judgment is adopted by the Court in its entirety their remaining

1  claims shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a). Additionally, if this Consent Judgment is adopted by the Court in its entirety, it shall be construed as a self-executing notice of voluntary dismissal by Plaintiffs of all remaining claims with prejudice pursuant to Rule 41(a).

D. The Parties agree that, in the event this Consent Judgment is appealed or subsequently modified, Plaintiffs may appeal that action, and, in the event the Consent Judgment is not upheld, Plaintiffs may re-assert any or all of Claims II-VI in that circumstance and Defendants may re-assert all defenses.

E. The Parties agree that as of the date that this Consent Judgment is entered by the Court, they will begin to comply with their respective obligations under it.

F. The Parties agree that Plaintiffs are the prevailing parties and therefore are entitled to reasonable attorneys' fees and costs, the amount of which is resolved by the Parties' separate Settlement Agreement.

## INJUNCTION AND ORDER

Accordingly, in light of the foregoing and upon Plaintiffs' and Defendants' consent, the Court **ORDERS** as follows:

1. The Court has determined that it has jurisdiction over the matters alleged in Plaintiffs' Complaint and that venue is proper in this Court, consistent with the Ninth Circuit's ruling in *Loffman v. CDE*, 119 F.4th 1147 (9th Cir. 2024).

2. The Court has determined that this Consent Judgment is fair, reasonable, equitable, lawful, and in the public interest.

3. Part 30 of Division 4 of Title 2 of the California Education Code (entitled "Special Education Programs," and commencing with Section 56000) provides for the designations of "nonpublic, nonsectarian school" and "nonpublic, nonsectarian agency" as an option available for the placement of children with exceptional needs with a private school or facility, by a public agency for the provision of special education and related services in conformity with a properly developed individualized education program, if various conditions and requirements are met. *See, e.g.*, Cal. Educ. Code

1  §§ 56034, 56035, 56365 (providing for available service option, in accordance with other law, "if no appropriate public education program is available.") "'Nonpublic, nonsectarian school' means a private, **nonsectarian** school that enrolls individuals with exceptional needs pursuant to an individualized education program and is certified by the [California Department of Education]" and "meet[s] standards as prescribed by the Superintendent" of Public Instruction and State Board of Education. Cal. Educ. Code § 56034 (emphasis added). "Nonpublic, nonsectarian agency" "means a private, **nonsectarian** establishment or individual that provides related services necessary for an individual with exceptional needs to benefit educationally from the pupils' educational program pursuant to an individualized education program and that is certified by the [California Department of Education]" and "meet[s] standards as prescribed by the Superintendent" of Public Instruction and State Board of Education. Cal. Educ. Code § 56035 (emphasis added).  Regulations implementing this part of the California Education Code define "nonsectarian" to mean "not owned, operated, controlled by, or formally affiliated with a religious group or sect, whatever might be the actual character of the education program or the primary purpose of the facility and whose articles of incorporation and/or bylaws stipulate that the assets of such agency or corporation will not inure to the benefit of a religious group." California Code of Regulations, Title 5, Section 3001(p).

Given the foregoing, the Court hereby **DECLARES** that the requirement that an entity be "nonsectarian" in order to apply for, obtain, and maintain certification as a "nonpublic, nonsectarian school" or "nonpublic, nonsectarian agency" and to contract with public educational agencies to serve as a "nonpublic, nonsectarian school" or "nonpublic, nonsectarian agency" (the "Nonsectarian Requirement") violates rights protected by the Free Exercise Clause of the First Amendment to the United States Constitution, and is facially unconstitutional. All of the named Plaintiffs will have the right to seek enforcement of this Consent Judgment.

4. Defendant California Department of Education is hereby **PROHIBITED** from applying and/or enforcing the Nonsectarian Requirement. Such prohibition includes requiring entities to be nonsectarian, or to attest to their nonsectarian status, in: (a) applying for, obtaining, and maintaining certification as a "nonpublic, nonsectarian school" or "nonpublic, nonsectarian agency," and (b) applying for, obtaining, and/or maintaining a contract with a public agency to serve as a "nonpublic, nonsectarian school" or "nonpublic, nonsectarian agency."

5. Defendant Los Angeles Unified School District, as a Local Educational Agency within the State of California, is subject to State of California statutes, rules, and regulations applicable to Local Educational Agencies, and as such, is hereby **PROHIBITED** from applying and/or enforcing the Nonsectarian Requirement. Such prohibition includes requiring entities to be nonsectarian, or to attest to their nonsectarian status, in applying for, obtaining, and/or maintaining a contract with a public agency to serve as a "nonpublic, nonsectarian school" or "nonpublic, nonsectarian agency."

6. The Court **ORDERS** that this permanent injunction shall take effect immediately.

7. The Court **ORDERS** that, because the Parties' Consent Judgment is approved without modification by this Court, pursuant to paragraphs C and D of the Consent Judgment, Plaintiffs' notice of voluntary dismissal with prejudice of Counts II-VI is hereby entered and those claims are **DISMISSED**.

8. The Court **ORDERS** that Plaintiffs are the prevailing party and entitled to attorney's fees, the amount of which is resolved by the Parties' separate written, signed Settlement Agreement.

9. The Court **ORDERS** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary, including over any disputes arising from the separate Settlement Agreement.

Dated: May 19, 2025

                                                  _____
                                                  THE HONORABLE CYNTHIA VALENZUELA